Pearson, J.
 

 The defendant., Davis, in his answer, resists a decree for an account, upon four grounds. 1st. He insists, that, as administrator of James McCraw, who was one of the executors, and who died in 1828, he. is not bound to account with the legatees of the testator, but is liable to account with the surviving executor, Fleming. 2nd. That the Act of 1715 is a bar to the right of the plaintiffs. 3rd. That the. Act of 1826 raises a presumption of satisfaction or abandonment of the plaintiffs'
 
 *350
 
 equitable interest, as residuary legatees. 4th. That in 1824, Jacob A. McCraw, one of the plaintiffs, filed a petition against Fleming and James McCraw, as executors, for an account of the estate of the testator; which petition, after pending for several years, was dismissed at the cost of the petitioner ; and that a petition to rehear was afterwards filed, which was also dismissed at the cost of the petitioner; and the defendant insists, that these proceedings are a bar to any recovery on the part of the said Jacob A. McCraw.
 

 The plaintiffs, who are the children of the testator, are entitled to an account. The first objection is clearly untenable. The second and third are also untenable.
 

 In the case of
 
 Blount
 
 v. Salter, 2 Dev. & Bat. Eq. 218, it is held, that the Act of 1715, is no bar to the right of a legatee to have an account, and in the same case, it is decided, that the presumption of satisfaction or abandonment, under the Act of 1828, does not apply to the equitable interest of legatees and persons entitled to distribution.
 
 Bailey
 
 v.
 
 Shannerhouse,
 
 1 Dev. Eq. 416, is also an authority in point, as to the Act of 1715. The fourth objection only applies to one of the plaintiffs ; and is not tenable as to him. There was no adjudication — the proceedings were dismissed for the want of security for the prosecution.
 

 There must be a decree for an account. The master will distinguish between the receipts and disbursements before and after the death of James McCraw.
 

 The bill must be dismissed, as to the plaintiffs, who are the children of George McCraw. His share can only be claimed by his personal representative, when one is appointed.
 

 The bill must also be dismissed, as to the defendants, who are the children of George McCraw, and as to the defendants, who are the children of Neill McCraw, and
 
 *351
 
 of James McCraw. They are not proper parties. Their respective administrators represent their interests.
 

 Per Curiam.
 

 Decreed accordingly.